### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | CR-18-260-SLP |
| | ) | | CIV-23-212-SLP |
| JORGE ANTONIO MEDINA ESCARSIGA, | ) | | |
| | ) | | |
| Defendant. | ) | | |

### **O R D E R**

Defendant, represented by counsel, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 2872]. The Government has responded [Doc. No. 2883] and Defendant has replied [Doc. No. 2890]. Thus, the matter is at issue. Upon review and for the reasons that follow, the Motion is DENIED.

### I.    Factual and Procedural History

On April 23, 2019, Defendant entered a guilty plea to Counts 1 (drug conspiracy) and 76 (money laundering conspiracy) of the Superseding Indictment. *See* Doc. No. 1093 (Plea Agrmt.) and Doc. No. 1092 (Court Minute). Defendant's charges arose from an investigation by law-enforcement officials in Oklahoma of a large-scale drug conspiracy involving the Irish Mob Gang, an Oklahoma-based prison gang. The conspiracy spanned Oklahoma, Kansas, Texas, California, and Mexico. *United States v. Medina*, No. 21-6043, 2022 WL 612506 at *1 (10th Cir. Mar. 2, 2022). In a 97-count superseding indictment, Defendant was charged along with 54 co-conspirators. *Id.*

Defendant filed a direct appeal of his conviction. He challenged his sentence and specifically, this Court's decision to apply U.S.S.G. § 3B1.1(a)'s four-level enhancement to his sentence, based on the finding that Defendant was an organizer or leader.[1] The Tenth Circuit rejected his challenge, concluding that "[t]he court had plenty of evidence that Medina had acted as an 'organizer or leader' – he recruited accomplices, had the authority to control their activities, and paid them on behalf of the conspiracy." *Medina*, 2022 WL 612506 at *3.[2]

At the time of sentencing, Defendant and another individual were both housed at the Pottawatomie County Jail. In February 2023, the Assistant United States Attorney who appeared on behalf of the Government at Defendant's sentencing, sent a letter to the Court and advised the Court of a "mistaken representation" made at Defendant's sentencing. As explained in the letter, during sentencing the Government proffered a report from the individual. According to the report, Defendant told the individual that Defendant had "lied to law enforcement about working for someone else, and that, in fact, the person he identified as the real source of supply in his interview with law enforcement was someone who was purchasing drugs from him." *See* Doc. No. 2872-2 (Letter). The Government

---

[1] U.S.S.G. § 3B1.1(a) calls for a four-level sentencing enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]"

[2] The Tenth Circuit referred to Defendant, Jorge Antonio Medina Escarsiga as "Medina" because both Defendant's attorney and the government referred to him that way. *Id.* at *1, n. 1. Similarly, Defendant's attorney and the government refer to Medina in this § 2255 proceeding as "Medina."

represented to the Court at sentencing that the individual had been "charged a long time ago and was sentenced in December of last year," and, therefore would not be "available to provide testimony here today unless we draw him back from the BOP." *Id.* (citing Sent. Tr. at 8). In the letter, however, counsel for the Government advises that he "spoke in error in representing that [the individual] was in the BOP" and that "[t]he U.S. Marshal Service recently confirmed that [the individual] was, in fact, still in custody at the Pottawatomie County Jail at the time of Mr. Medina's sentencing." Doc. 2872-8 at 3-4.

## II.     Defendant's Motion

Defendant's § 2255 claims arise from the misrepresentation by counsel for the Government about the individual's availability to appear as a witness at the time of sentencing. In Ground One, Defendant contends the misrepresentation amounts to prosecutorial misconduct. In Ground Two, he alleges a violation of his Sixth Amendment right to Confrontation due to his inability to cross-examine the individual at sentencing.

In response, the Government points to Defendant's collateral attack waiver in the Plea Agreement as a bar to his claims. Further, the Government argues the claims are procedurally barred as they are claims that could have been raised on direct appeal. Finally, the Government contends the claims lack merit as Sixth Amendment confrontation rights do not apply at sentencing.

### III. Discussion

#### A. The Collateral Attack Waiver is Enforceable

Defendant's Plea Agreement contains the following waiver: "Defendant waives his right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) his conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel." *See* Doc. No. 1093 (Plea Agrmt.) at 9. To determine whether a defendant has waived an appeal, the court examines "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

In his Reply, Defendant does not contest that the scope of the waiver covers the claims raised in his § 2255 Motion. And Defendant "acknowledges that he entered into a plea agreement with the Government "knowingly and voluntarily." *See* Doc. No. 2890 (Reply) at 2. He focuses only on the third factor, arguing that the "Government's enforcement of the waiver violates his Sixth Amendment right to confront his accuser" and, therefore, to enforce the waiver would "be a manifest miscarriage of justice." *Id.* at 2-3.

To show enforcement of the waiver will result in a miscarriage of justice, Defendant must show: (1) the sentence exceeds the statutory maximum; (2) the district court relied on an impermissible factor such as race; (3) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; or (4) the waiver is otherwise

4

unlawful. *Hahn*, 359 F.3d at 1325. The record fails to support any of these factors. Moreover, as discussed infra, under Tenth Circuit precedent, the Confrontation Clause protections do not apply at sentencing. Because Defendant offers no other grounds upon which to challenge his collateral attack waiver, the Court finds the waiver must be enforced.

### B.     Defendant's Claims are Procedurally Barred

Criminal defendants may not use § 2255 motions as a substitute for a direct appeal, and failure to raise an issue at trial or on direct appeal creates a procedural bar. *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004); *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002). Procedural default can be excused if the defendant can show that cause and prejudice exist to excuse the default or that a fundamental miscarriage of justice has occurred. *Barajas-Diaz*, 313 F.3d at 1247.[3]

Here, Defendant cannot demonstrate prejudice. Indeed, in his Reply he makes no attempt to show prejudice. Instead, he incorrectly argues that he does not have to show prejudice "to show a violation of the Confrontation Clause." Doc. 2890 at 6. Accordingly, even if the collateral attack waiver were not enforceable, Defendant's claim is procedurally barred.[4]

---

[3] Defendant makes no showing that the fundamental miscarriage of justice exception applies. That exception is "very narrow" and requires a § 2255 movant to "supplement his constitutional claim with a colorable showing of factual innocence." *Klein v. Neil*, 45 F.3d 1395, 1400 (10th Cir. 1995). Here, Defendant does not contest that he is factually guilty.

[4] Because Defendant cannot show prejudice, the Court deems it unnecessary to address whether he can show cause for the procedural default. *See, e.g., Klein*, 45 F.3d at 1400 ("The 'cause and prejudice' exception is conjunctive, requiring proof of both cause *and* prejudice.").

### C. Defendant Has No Sixth Amendment Confrontation Clause Right at Sentencing

Additionally, Defendant's claims otherwise fail on the merits. His Confrontation Clause claim lacks merit and his prosecutorial misconduct claim necessarily fails because it is based on an alleged Confrontation Clause violation. *See, e.g, United States v. Christy*, 916 F.3d 814, 824 (10th Cir. 2019) (prosecutorial misconduct can cause constitutional error if it prejudices a specific constitutional right amounting to the denial of that right).[5]

In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that the introduction of testimonial hearsay statements from witnesses not subjected to cross examination at trial violates a defendant's confrontation right under the Sixth Amendment to the United States Constitution. *See* 541 U.S. at 68-69. The Tenth Circuit has concluded, however, that a court's consideration of hearsay evidence at the sentencing stage does not violate a defendant's Confrontation rights. *See United States v. Bustamante*, 454 F.3d 1200, 1202-03 (10th Cir. 2006) ("We see nothing in *Crawford* that requires us to depart from our precedent 'that constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings.'" (quoting *United States v. Hershberger*, 962 F.2d 1548, 1554 (10th Cir. 1992)).[6] Although Defendant argues to the contrary, he fails to address this binding Tenth Circuit precedent and otherwise provides

---

[5] Prosecutorial misconduct can also occur, absent infringement of a specific constitutional right, if the prosecutor's misconduct rendered the proceedings so fundamentally unfair as to deny a defendant due process. *Id*. Here, however, Defendant contends prosecutorial misconduct denied him a specific constitutional right – the Sixth Amendment right to confrontation.

[6] Other Circuit Courts of Appeal have reached the same conclusion. *See, e.g., United States v. Bras*, 483 F.3d 103, 109 (D.C. Cir. 2007) (collecting cases).

6

no authority to show that *Crawford* alters this conclusion.  The Court, therefore, finds that to the extent Defendant's claims are not otherwise barred, they lack merit.

IV.   **Evidentiary Hearing**

In a § 2255 proceeding, the district court is not required to grant an evidentiary hearing on a defendant's claims where "the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief...." 28 U.S.C. § 2255. The court concludes that the record in this case conclusively shows that Defendant is not entitled to any relief on any of the bases he asserts.  Therefore, Defendant is not entitled to an evidentiary hearing.

V.   **Conclusion**

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 2872] is DENIED.  A separate judgment shall be entered.

IT IS FURTHER ORDERED that  pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2). To make this showing, Defendant "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]'" *United States v. Manzanares*, 956 F.3d 1220, 1226-27 (10th Cir. 2022) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Defendant has not made a substantial showing of the denial of a constitutional right.

7

Therefore, a COA is DENIED and the denial shall be included in the judgment.

IT IS SO ORDERED this 12th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE